This is a suit for specific performance.
The facts, as agreed upon by counsel, are as follows: In 1887, a Mary L. Kelley (the wife of Henry C. Kelley) was the owner of the premises. This Mary L. Kelley and her husband, Henry C. Kelley, on April 8th, 1883, presented their petition to the orphans court of Essex county, New Jersey, for the adoption of one Maude Fox, then about two and a half years of age. A decree of adoption was entered on April 24th, 1883, pursuant to the statute entitled "An act providing for the adoption of children," chapter 83 P.L. 1877 p. 123. The adopting parent, Mary L. Kelley, did not sell the property, and died intestate on March 13th, 1919; she did not leave any natural born child or any heir-at-law of *Page 148 
a natural born child; all her brothers and sisters predeceased her, leaving heirs-at-law, one or more of whom are still living; her husband also predeceased her, as did her parents. At the time of the death of Mary L. Kelley, the adopted child (formerly Maude Fox, and, subsequently, called Helen Esther Kelley), had married, and since the time of her marriage has been known as Helen E. Marsh. Her husband is Chauncey H. Marsh. On May 3d 1920, this adopted child, Helen E. Marsh, together with her husband, Chauncey H. Marsh, executed a deed for the premises in question to the complainant. Said deed was recorded in book O 63 of deeds for Essex county, at page 272, and by virtue of said deed, and the title, if any, thereby conveyed, the complainant claims to be the owner in fee-simple of the aforementioned real estate. Both the adopted child, Helen E. Marsh, and her husband, Chauncey H. Marsh, are still living; they also have a son, who was born of the marriage between them, the date of birth being October 11th, 1905.
The parts of our adoption statute involved in this case are as follows (2 Comp. Stat. p. 2809):
"and the child shall be invested with every legal right, privilege, obligation and relation in respect to education, maintenance and the rights of inheritance to real estate or to the distribution of personal estate on the death of such adopting parent or parents as if born to them in lawful wedlock. * * * And provided also, on the death of the adopting parent or parents and the subsequent death of the child so adopted without issue, the property of such adopting deceased parents shall descend to and be distributed among the next of kin of said parent or parents and not to the next of kin of the adopted child."
The complainant's counsel says, in his brief, "the court in this case should construe said proviso as making a new rule of descent through adopted children rather as placing a limitation on the interest they inherit from their adopting parents." I do not think this is the proper attitude for this court to take in a suit for specific performance. Without citing cases our courts hold that specific performance will not be enforced where there is doubt in the mind of the court of chancery as to the marketability of the title. The court will not compel defendant to buy a law suit. *Page 149 
The adopted child is now married and has issue. Whether at her death she will leave issue her surviving is uncertain. If she does not, the title would, to say the least, be in doubt; and this court at this time is not called upon to say what would be the law if a future event should arise, or "to make a new rule of descent." Nor is it called upon to say whether the phrase "subsequent death of the child so adopted without issue" means without issue it surviving.
I will advise a decree dismissing the bill for specific performance and directing the return of the deposit with appropriate fees for examining title, interest, c.