This is a bill for specific performance. The following facts are stipulated: *Page 11 
1. On January 27th, 1928, Edward Havemeyer Snyder, 2d, contracted with Frank Taylor to sell property on the southeast corner of Wallace and North Centre streets, Orange, and agreed to close title on March 31st, 1928.
2. About the last of July or the early part of August, 1928, said Taylor commenced suit in the court of chancery to compel specific performance of said contract and a lis pendens was filed in the office of the register of Essex county on August 2d 1928.
3. Edward Havemeyer Snyder, 2d, conveyed to Edward H. Snyder and Sara W. Snyder, executors of the last will and testament of William Wallace Snyder, deceased, the premises in question by deed dated June 11th, 1928, and recorded June 12th, 1928, in book F-78 of deeds for Essex county, page 188, for the consideration therein expressed of $5,500.
4. On June 22d 1928, Edward H. Snyder and Sara W. Snyder, executors of the last will and testament of William Wallace Snyder, deceased, contracted to sell to the Rogers-Ebert Company, Incorporated, the premises in question and agreed to give title on or before the 15th day of July, 1928.
5. A deed from complainants to defendant was made and executed and ready for delivery on July 16th, 1925, July 15th, the date set for closing, being a Sunday. Defendant's attorney was on a vacation at the time and requested that an adjournment be had until his return, which adjournment was consented to by complainants.
6. On August 9th, 1928, complainants' solicitors served upon said defendant a notice stating that on Monday, August 13th, 1928, at two o'clock in the afternoon, he would be ready to deliver the deed for said premises and the purpose of writing the said letter was to make time of the essence of said agreement. A copy of the notice is attached to the bill of complaint.
7. On January 16th, 1928, complainants were the owners of premises described in bill. On that date they conveyed premises by executor's deed to Edward H. Snyder, 2d, who is the son of Sara W. Snyder. No money was paid by Edward H. Snyder, 2d, but when he sold the property he was to pay *Page 12 
$500 and assign the mortgage to the executors. As no sale was made he reconveyed the premises to complainants, by deed dated June 11th, 1928, and recorded June 12th, 1928, in book F-78, page 188.
8. Edward Havemeyer Snyder, 2d, is a nephew of Edward H. Snyder, who is one of the executors of the last will and testament of William Wallace Snyder, and son of Sara W. Snyder, the other executor.
As I said in the case of Assmann v. Friedman, 103 N.J. Eq. 147: "Our courts hold that specific performance will not be enforced where there is doubt in the mind of the court of chancery as to the marketability of the title. The court will not compel the defendant to buy a lawsuit."
To the same effect is Van Riper v. Wickersham, 77 N.J. Eq. 232,
where the court of errors and appeals said (at p. 237): "So it is the uniform rule in this state to decline to decree performance where such doubt exists, though rested on grounds merely debatable, but which might visit upon the purchaser litigation in that regard and that, too, where at law the title might in fact be declared good."
Applying these well-known principles of law to the facts as stipulated, it seems to me that the title to the property in question is not, at this time, marketable. Is it in Edward H. Snyder or in the Snyder estate? What right had this estate to purchase or repurchase property? Does the lis pendens still on file affect this particular property?
These questions are serious enough to lead me to the conclusion that defendant should not be compelled to take the title. I will advise a decree dismissing the bill and directing the return of the deposit with proper allowance of costs and counsel fee. *Page 13